IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 06 2018

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

**LEO THREET**                                                                                         **PLAINTIFF**

vs.                                              No. 4:18-cv-445 - SWW

**DASSAULT FALCON JET CORP.**                                                **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Leo Threet, by and through his attorneys Daniel Ford, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint"), does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  This is an action brought by Plaintiff Leo Threet against Defendant Dassault Falcon Jet Corp ("Defendant") for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.  Plaintiff seeks declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of failing to pay Plaintiff proper overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

This case assigned to District Judge __Wright__
and to Magistrate Judge __Volpe__

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff Leo Threet is an individual and resident of Pulaski County.

7. Defendant Dassault Falcon Jet Corp. is a foreign for-profit corporation registered to do business in the State of Arkansas.

8. Defendant Dassault Falcon Jet Corp.'s principal place of business is 200 Riser Road, Little Ferry, New Jersey 07643.

9. Defendant Dassault Falcon Jet Corp. maintains a website at: http://www.dassaultfalcon.com.

10. Defendant Dassault Falcon Jet Corp. manufactures airplanes and airplane components related to the air transportation business.

11. Defendant Dassault Falcon Jet Corp.'s services include installation, finishing, placement and assembly of airplane components at 3801 East 10th Street, Little Rock, Arkansas 72202.

12. The registered agent of Defendant Dassault Falcon Jet Corp is The United States Corporation Company at 300 South Spring St., Little Rock, Arkansas 72201.

## IV.   FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. To support its services related to installation, replacement, repair or maintenance of airplane components, Defendant hires individuals including Plaintiff as hourly paid office and finance personnel (referred to herein as "office personnel" or "procurement specialist").

15. The duties of office personnel employees for Defendant are to input financial analysis, perform the duties of a bookkeeper, and assist in the logistical operations of Defendant.

16. At all relevant times, Plaintiff worked on documents or projects that had been moved or included in interstate commerce.

17. For each of the three calendar years preceding the filing of the Original Complaint in this case, Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

18. At all times relevant to this Complaint, Defendant employed more than four employees.

19. At all relevant times, Defendant was Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20. At all relevant times, Defendant was Plaintiff's employer under the AMWA.

21. Defendant directly hired Plaintiff, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

22. Plaintiff performed the duties of an office personnel employee for Defendant for at least the last three years.

23. Defendant paid Plaintiff an hourly rate in exchange for services as an office personnel employee.

24. As an office personnel employee for Defendant, Plaintiff was required to clock-in and clock-out each day, and to work on accounts.

25. Plaintiff generally started work at 5:30 a.m. in order to work with overseas accounts, even though the system automatically clocked him in at 7:00 a.m.

26. Plaintiff regularly worked more than forty hours per week.

27. Despite working more than forty hours per week on a regular basis, Plaintiff was not paid an overtime rate for these hours over forty unless they were directed overtime worked on a Saturday.

28. Plaintiff was not paid an overtime rate for hours worked over forty during the week.

29. Plaintiff had no supervisory duties.

30. Defendant did not pay Plaintiff an overtime premium of one and-one-half times his regular rate of pay for all hours that worked over forty per week.

## V. First Claim for Relief

A. <u>Individual Claim for Violation of the FLSA</u>

31. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

32. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

33. Defendant violated the FLSA by not paying Plaintiff one and one-half times his regular rate when calculating his overtime pay for all hours worked over forty in a given workweek.

34. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

35. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

B. <u>Individual Claim for Violation of the AMWA</u>

36. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

37. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

38. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA.

39. Arkansas Code Annotated § 211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meet the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

40. Defendant failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

41. Defendant's failure to pay Plaintiff overtime of one and one-half his regular rate of pay for all hours worked resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty hours.

42. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

43. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's Original Complaint, plus periods of equitable tolling.

44. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. EQUITABLE TOLLING

45. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

46. The applicable statute of limitations for Plaintiff's FLSA cause of action should be tolled because strict application of the statute of limitations would be inequitable.

47. Defendant, as an employer with a duty to comply with the FLSA and the means to do so, was and has at all relevant times been in a far superior position than Plaintiff to understand the FLSA and apply it appropriately, and Defendant should not be permitted to benefit from this imbalance of power by the passage of time.

48. Further, FLSA regulations require that all employers display posters advising employees of their overtime pay rights. 29 C.F.R. § 516.4.

49. An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. *United States v. Sabhnani*, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); *Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Penn. 1984).

50. Defendant failed to post all appropriate notices regarding the FLSA.

51. Plaintiff opted-in to a prior lawsuit against Dassault Falcon Jet in order to preserve his claims on January 15, 2018. *See Craig Coates, et al. v. Dassault Falcon Jet*, 4:17-cv-372-JLH (E.D. Ark.).

52. Plaintiff's claims differed from the class claims at issue in that lawsuit, so he was dismissed by his own motion, without prejudice, so that he could file a separate suit to pursue his claims in a timely fashion.

53. Plaintiff has done everything in his power to act on his claims for unpaid overtime as quickly as possible, including joining the aforementioned prior lawsuit, and

should thus have the statute of limitations as to those claims tolled beginning on January 15, 2018.

## VII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Leo Threet respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.  A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA, and their relating regulations;

B.  Judgment for damages for all unpaid overtime compensation under the FLSA, the AMWA, and their relating regulations;

C.  Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

D.  An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

E.  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF LEO THREET**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_/s/ Daniel Ford_
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_/s/ Chris Burks_
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

_/s/ Josh Sanford_
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com